IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                                **PLAINTIFF**

v.                  **CASE NO. 4:16-CR-00245-BSM**

**DAMION LYDALE BRIDGEFORTH**                              **DEFENDANT**

## ORDER

Damion Bridgeforth's motion to vacate his sentence [Doc. No. 60] is denied. Bridgeforth's motions to appoint counsel [Doc. No. 62], for discovery [Doc. No. 63], and for an evidentiary hearing [Doc. No. 64] are denied as moot.

### I. BACKGROUND

A jury found Bridgeforth guilty of being a felon in possession of a firearm on April 9, 2018. Doc. No. 29. He was sentenced to 108 months of imprisonment and three years of supervised release. Doc. No. 40. The Eighth Circuit affirmed his conviction on June 3, 2019. Doc. No. 55. Bridgeforth moves to vacate his conviction under 28 U.S.C. section 2255, based on *Rehaif v. United States*, 139 S.Ct. 2191 (2019), and ineffective assistance of counsel.

### II. LEGAL STANDARD

A prisoner in custody for a federal sentence may petition the sentencing court to vacate his sentence if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to

collateral attack. 28 U.S.C. § 2255(a). Relief is reserved for "a narrow range of injuries [which] if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). To succeed on an ineffective assistance of counsel claim, a petitioner must show that his lawyer's deficient representation prejudiced his case. *See DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) (referencing *Strickland v. Washington*, 466 U.S. 668 (1984)). There is a one-year statute of limitations for section 2255 motions. 28 U.S.C. § 2255(f).

### III. DISCUSSION

#### A. *Rehaif* Retroactivity

*Rehaif* held that the government must prove that "the defendant knew he possessed a firearm and that he knew he belonged to the relevant categories of persons barred from possessing a firearm." *Rehaif,* 139 S.Ct. at 2200. Bridgeforth argues that because the government did not prove that he knew he possessed a firearm or that he knew his felony status, his conviction is invalid. Br. Mot. Vacate ¶ 1. Bridgeforth's motion is denied because the ruling in *Rehaif* may not be applied retroactivly. *See, e.g., United States v. Kennedy*, 2020 WL 4115088, *1 (E.D. Ark. July 20, 2020).

#### B. Statute of Limitations

Even if *Rehaif* could be applied retroactively, Bridgeforth's motion is untimely, as the statute of limitations for section 2255 relief expired on June 22, 2020, and Bridgeforth's motion was received on September 1, 2020. *See* 28 U.S.C. § 2255(f)(3). Bridgeforth's

ineffective assistance of counsel claim is also time-barred, as the Eighth Circuit affirmed his conviction on June 3, 2019.  Doc. No. 55.  *See* 28 U.S.C. § 2255(f)(1).

## IV. CONCLUSION

For the foregoing reasons, Bridgeforth's motion to vacate his sentence [Doc. No. 60] is denied. Bridgeforth's motions to appoint counsel [Doc. No. 62], for discovery [Doc. No. 63], and for an evidentiary hearing [Doc. No. 64] are denied as moot.

IT IS SO ORDERED this 20th day of October, 2020.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE